IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL H. DUNN, as Personal
Representative of the Estate of
CALVIN E. DUNN, deceased,

    Plaintiff,

vs.                                                                                                  CIV NO. 03-109 RLP/ACT

IHS ACQUISITION NO. 151, INC.,
and HEALTHESSENTIALS
SOLUTIONS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Defendant IHS Acquisition No. 151, Inc. to permit Inspection of its business premises, to Produce requested Documents, to Answer Interrogatories and to Determine the Sufficiency of Defendant IHS Acquisition No. 151, Inc.'s responses to Requests for Admission. (Doc. No. 39). Having reviewed the Plaintiff's Motion, the Memorandum in support, the Response by Defendant IHS Acquisition No. 151, Inc., the Plaintiff's Reply, and the accompanying exhibits, the Court finds that the Motion is well-taken in part, will be granted in part and will be denied in part.

### REQUEST FOR ADMISSION

Requests for Admission Nos. 3 through 9 involve the compensation package and benefits

paid to the Chairman of the Board and CEO Robert Elkins, M.D., of the parent company, Integrated Health Services, Inc., of the Defendant IHS Acquisition No. 151, Inc. (IHS). IHS objects to these Requests for Admission claiming the compensation and benefits package is irrelevant to the Plaintiff's claims, is not reasonably calculated to lead to admissible evidence, that the financial condition of Integrated Health Services, Inc. was dramatically altered because of its subsequent bankruptcy filing, and that the compensation package information would be highly prejudicial. Plaintiff argues that the compensation package is relevant to his bad faith breach of contract claim and his claim for punitive damages, arguing that the evidence of an excessive compensation package would tend to show critical financial resources were being siphoned off and that Defendant IHS knew it could not provide the care to its patients that it represented it would provide.

The Court finds that the admissions regarding the financial compensation package, Requests for Admission Nos. 3 through 9, are potentially relevant to Plaintiff's claims and reasonably calculated to lead to admissible evidence. The Defendant IHS is ordered to serve an Answer to the Requests for Admission pursuant to Fed. R. Civ. P. 36(a). Whether the admissions will be relevant at the time of trial and whether the probative value of the admissions is outweighed by the danger of unfair prejudice to the Defendant IHS under Federal Rule of Evidence 403 are issues for the trial judge to decide. The fact that the information may tend to "inflame the jury" against IHS is not a bar to these Requests for Admission in the discovery process.

In Request for Admission No. 10 Plaintiff sought an Admission that Calvin Dunn was admitted to the Casa Real Healthcare Center in May 2000 for "post-acute care". Defendant IHS

2

responded that it did not have sufficient knowledge or information to admit or deny the Request, later explaining in a letter that while Casa Real serves patients in need of post-acute care, the need for post-acute care is a medical decision made by the patient's primary health care provider. The Court finds that the Defendant's answer, supplemented by the letter dated July 31, 2003, was not evasive and is an adequate response. Therefore, the Court denies Plaintiff's Motion to Determine the Sufficiency of the Answer.

Request for Admission No. 20 asked Defendant IHS to admit or deny that Calvin Dunn was not treated during his Admission to Casa Real Healthcare Center with any antibiotic for klebsiella pneumonia. At first Defendant IHS claimed it was without knowledge to admit or deny but later supplemented its Answer to state that the medical records maintained by Casa Real did not specify the purpose for which many of the medications were prescribed. IHS noted that the organism implicated in klebsiella pneumoniae is susceptible to one of the antibiotics prescribed for Calvin Dunn. But IHS argues that it cannot further supplement its Answer because its medical records do not reflect the information requested. The Court finds the Defendant's Answer, as supplemented by the letter dated July 31, 2003, is sufficient. The Plaintiff's Motion to Determine the Sufficiency of the Answer is denied.

## REQUEST FOR INSPECTION

Plaintiff has asked to inspect, photograph, video and measure certain areas of Casa Real Healthcare Center. Defendant argues that an inspection would be disruptive to the current residents of Casa Real living in the particular rooms sought to be inspected, that an inspection is not relevant or reasonably calculated to lead to admissible evidence and further would be a

violation of state and federal regulations designed to protect residents' rights to privacy.  The Plaintiff has not articulated why the visual inspection is necessary.  Nor has the Plaintiff identified which claim an inspection would support.  The Court also notes that IHS has agreed to provide blueprints of the areas in question.

The Court finds that the privacy rights of the current residents of Casa Real prevail over the Plaintiff's request for an inspection.  See, e.g., *Beverly Enterprises-Florida, Inc. v. Deutch,* 765 So.2d 778 (Fla. App. 2000).  The Plaintiff's Motion for an Inspection of Casa Real Healthcare Center is denied.

## REQUESTS FOR PRODUCTION

The Plaintiff has accepted the assertion of the Defendant IHS that the responses are complete and that further supplementation is not possible.  Plaintiff has withdrawn his Motion to Compel Responses to the Requests for Production Nos. 12 and 13.

## INTERROGATORIES

Interrogatory No. 17 asks whether any investigation was made into the final illness and subsequent death of Calvin Dunn by Defendant IHS and if so, asks for specific information regarding the investigation.  Interrogatory No. 18 asks whether any incident or occurrence reports were prepared regarding Calvin Dunn while he was a resident at Casa Real, and if so, asks for information regarding the person having custody of such reports. Defendant IHS first objected to both interrogatories on the basis that "investigation" and "untoward occurrence" were vague and ambiguous.  Secondly, it objected that the Interrogatories were argumentative suggesting

improper events.  Third, it objected that even if such investigative reports or incident reports existed, that they would be considered privileged and confidential pursuant to the Review Organization Immunity Act, NMSA §§41-9-1 et seq., and the doctrine of "self-critical analysis". Lastly, Defendant IHS asserts, without waiving its objections, that it has not been able to locate any documents in response to Interrogatory No. 17 and that while documents responsive to Interrogatory No. 18 may exist, it has been unable to locate them.

The Court finds that the words "investigation" and "untoward occurrence" are not vague or ambiguous.  Nor does the Court find that the Interrogatories are argumentative.  If either investigative reports regarding Calving Dunn's last illness and death exist or if incident reports regarding Calvin Dunn exist or are thought to exist, the Defendant IHS is ordered to identify such reports and the other identifying information sought in the Interrogatories.

If the reports are privileged or confidential pursuant to NMSA §§41-9-1, et seq., the Defendant IHS must sustain its "burden ... to prove that the data or information was generated exclusively for peer review and for no other purpose".  *Southwest Community Health Services v. Smith*, 107 N.M.196, 200, 755 P.2d 40, 44 (N.M. 1988).  "Information, documents or records otherwise available from original sources shall not be immune from discovery ... merely because they were presented during proceedings of a review organization."  NMSA §41-9-5 (1996). Likewise, if the reports are thought to be privileged according to the "self-critical analysis" privilege, the Defendant is directed to bring the basis for the privilege to the Court's attention. See, e.g., *Weekoty v. United States*, 30 F. Supp 2d. 1343, 1345 ( D. N.M. 1988).  Unless the Defendant raises specific, concrete objections as to privilege and does so within twenty (20) days of the date of the filing of this Order,  Plaintiff's Motion to Compel Responses to Interrogatories

Nos. 17 and 18 is granted.

Interrogatory No. 20 asks Defendant IHS to identify every other long-term care facility besides Casa Real that has been owned, managed or operated by IHS in 1999 and 2000. IHS objected that the information sought is not relevant to the claims brought by the Plaintiff and is not reasonably calculated to lead to admissible evidence. IHS further argued that the Interrogatory was overly broad, unduly burdensome, vague and ambiguous. The Plaintiff argues that the information sought is relevant to its claims that certain business practices by IHS created a scenario in which Casa Real was negligent, breached its contract for a certain quality of care or was negligent per se. The Court finds that the information sought is relevant or is reasonably calculated to lead to admissible evidence, is not vague, ambiguous, unduly burdensome or overly broad. The Plaintiff's Motion to Compel an Answer to Interrogatory No. 20 is granted.

Plaintiff has withdrawn his Motion to Compel an Answer to Interrogatory No. 19.

## CONCLUSION

Plaintiff's Motion to Determine the Sufficiency of the Responses to the Requests for Admission is GRANTED as to Requests Nos. 3, 4, 5, 6, 7, 8 and 9. The Plaintiff's Motion is DENIED as to Requests for Admission Nos. 10 and 20. Plaintiff's Motion to Grant his Request for Inspection is DENIED. Plaintiff's Motion to Compel Answers to Interrogatories Nos. 17 and 18 is GRANTED subject to the Defendant IHS specific and concrete assertion of either a "self-critical" privilege or the "Review Organization" immunity within twenty days (20) of the date of the filing of this Order. Plaintiff's Motion to Compel an Answer to Interrogatory No. 20 is granted. All discovery required to be produced by this Order shall be produced within thirty (30)

days of the date of the filing of this Order.

                                                                                     ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE