IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL H. DUNN, as Personal
Representative of the Estate of
CALVIN E. DUNN, deceased,

    Plaintiff,

v.                                                      Civ. No. 03-0109 RLP/DJS

IHS ACQUISITION NO. 151, INC.,
and HEALTHESSENTIALS SOLUTIONS, INC.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion to Strike Expert Witness. Plaintiff argues that one of Defendants' two medical experts should be stricken pursuant to Fed.R.Evid. 403. That rule provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff contends that Defendants' medical experts, Robert J. Creager, M.D. and Carol Kaydahzinne, C.N.P., offered identical evidence in their depositions that the nurse practitioners who rendered care to the decedent did not breach the standard of care. Therefore, Plaintiff argues, one of them should be excluded on the grounds of (1) unfair prejudice; (2) confusion of the issues; and (3) needless presentation of cumulative evidence.

As stated by the Tenth Circuit Court of Appeals, "[t]he exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *K-B Trucking Co. v. Riss Internat'l Corp.*, 763 F.2d 1148, 1155 (10th Circ. 1985) (internal quotation marks and citation omitted). *Accord Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343-44 (3d Cir. 2002) (because of the strong presumption that relevant evidence should be admitted, exclusion under

Rule 403 is only justified when the objectionable evidence "substantially outweighs" its probative value); *United States v. Krenzelok*, 874 F.2d 480, 482 (7th Cir. 1989) ("[W]hen the trial judge is in doubt, Rule 403 requires admission (this is the force of "*substantially outweighed*") . . .) (emphasis in original).

Plaintiff's arguments of unfair prejudice and confusion rest on the same ground: the jury might think that the Defendants' case is stronger because the Plaintiff has only one expert and the Defendants have two. This argument does not meet the exacting requirements stated above. The court is unable to glean from the arguments and materials submitted that the probative value of two experts' testimony is "substantially outweighed"
by the dangers cited in Rule 403.

Plaintiff also argues that the evidence will be cumulative because both medical experts have reached the same conclusion; *i.e.*, no breach of the standard of care. In support of this contention, Plaintiff attaches deposition pages which indicate that both of the experts conclude that the nurse practitioners did not err. Even so, the court finds that is insufficient to exclude one of the experts at this juncture. Each may have a different perspective, or be able to offer additional information helpful to the jury. Not until trial will the court be able to determine if the testimony elicited is "*needlessly* cumulative."

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Expert Witness [Doc. 62] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)